[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, The Connecticut Light and Power Company, instituted this action to recover unpaid electric bills from the defendants, David Vignos, and his parents, Joseph P. Vignos and Patricia C. Vignos. David Vignos occupies a home located at 22 Bradley Avenue, Stamford, which is owned by his parents who reside in Ohio. The first count of the complaint is directed against David Vignos as the tenant of the subject premises and the second count is directed against his parents as owners thereof.
The parents, Joseph and Patricia, have filed a motion (#109) to strike; Practice Book § 10-39; the second count against them on the theory that General Statutes § 16-262e (c) renders them immune from suit for unpaid utility charges. This statute provides that the owner of a residential dwelling shall be liable for the cost of electrical services to a utility such as the plaintiff "except for any service furnished to any dwelling unit of the building on an individually metered or billed basis for CT Page 3512 the exclusive use of the occupants of that dwelling unit." The parties agree that the statutory exception to owner liability is applicable because there is only one electric meter on the premises for the exclusive use of the tenant, David Vignos.
The plaintiff, however, opposes the motion to strike the second count because it alleges that the defendant owners have been "unjustly enriched," a common law, not a statutory, remedy. The defendants have not furnished any authority that a utility company is restricted to suing under the statute, whereas the plaintiff has cited to a 1998 Superior Court case that sanctioned a cause of action based on unjust enrichment. In UnitedIlluminating v. Winthrop Health Care, Inc., Superior Court, judicial district of New Haven at New Haven, Docket No. 354679 (February 20, 1998, Hartmere, J.), the court stated that: "Here, the plaintiff attempts to allege a common law action for unjust enrichment. The plaintiff alleges that it provided the defendants with something of value, the defendants are liable as owners of record of the subject property, the defendants have refused to pay, and the defendants were unjustly enriched by not compensating the plaintiff. Thus, the plaintiff properly has alleged the essential elements of a cause of action for unjust enrichment." The plaintiff in this case has alleged these elements sufficiently to plead a cause of action for unjust enrichment.
In addition, there is nothing in the legislative history of General Statutes § 16-262e (c) which indicates that this statute is the exclusive means by which a company such as the plaintiff may seek reimbursement for unpaid electric bills.
Thus, the defendants' motion to strike the second count of the complaint is denied.
So Ordered.
Dated at Stamford, Connecticut, this 3rdday of March, 2000.
William B. Lewis, Judge